I AW LIBRARY

NO. 30389

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

K. HAMAKADO CLERK APPELLATE COURTS STATE OF HAWAI'I

2010 JUL 19 AM 8:04

FILED

ROBERT G. BABSON, JR., ANN C. BABSON,
JOY BRANN, PAULA BROCK, and DANIEL GRANTHAM,
Plaintiffs-Appellees,

v.

KEVIN CRONIN, Chief Elections Officer, State of Hawai'i,
and STATE OF HAWAI'I, Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 08-1-0378)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Upon review of Defendants-Appellants Kevin Cronin and
the State of Hawaii's (the State Appellants) appeal from the
Honorable Joseph E. Cardoza's February 17, 2010 judgment, it
appears that we lack jurisdiction over the State Appellants'
appeal because the February 17, 2010 judgment does not satisfy
the requirements for an appealable final judgment under Rule 58
of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in
Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119,
869 P.2d 1334, 1338 (1994).

Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp.
2009) authorizes appeals from final judgments, orders, or
decrees.  Appeals under HRS § 641-1 "shall be taken in the manner
. . . provided by the rules of the court."  HRS § 641-1(c).
"Every judgment shall be set forth on a separate document."  HRCP
Rule 58.  Based on this requirement under HRCP Rule 58, the
Supreme Court of Hawai'i has held that "[a]n appeal may be
taken . . . only after the orders have been reduced to a judgment

and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the mount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

This case involves multiple parties and multiple claims. Although Plaintiffs-Appellees Robert G. Babson, Jr., Ann C. Babson, Joy Brann, Paula Brock, and Daniel Granthan's complaint contains four distinct and separate counts, the February 17, 2010 judgment does not specifically identify the count or counts on which the circuit court intends to enter judgment. Although the February 17, 2010 contains a statement that there are no other parties, claims, counterclaims or cross-claims, the Supreme Court of Hawai'i has specifically noted that "[a] statement that declares 'there are no other outstanding

claims' is not a judgment." Jenkins, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4.

Consequently, the February 17, 2010 judgment does not satisfy the requirements for an appealable judgment in a multiple claim case under HRCP Rule 58 and the holding in Jenkins. Absent the entry of an appealable final judgment, we lack appellate jurisdiction in appellate court case number 30389. Accordingly,

IT IS HEREBY ORDERED this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, July 19, 2010.

Chief Judge

Associate Judge

Associate Judge